**Commonwealth v. Thompson**

*A. E. McCullough,* for plaintiff.

*Arnold, Bricker, Beyer & Barnes,* for defendant.

*Windolph, Burkholder & Hartman,* for garnishee.

JOHNSTONE, J., May 27, 1960.—Judgment was entered against Doris M. Thompson, also known as Doris M. Anderson, in the sum of $2,000 in favor of the Commonwealth of Pennsylvania, Department of Public Welfare, on a warrant of attorney contained in an agreement under which defendant agreed to reimburse the Commonwealth for all assistance granted pending the receipt of social security survivor benefits. An attachment execution was issued on the judgment for the sum of $517.50, plus costs, and the Farmers Bank and Trust Company of Lancaster was summoned as garnishee. The garnishee answered the interrogatories propounded to it and admitted that Doris M. Thompson has a checking account in the garnishee-bank, and that said account has a balance of $500 in it.

Defendant filed preliminary objections in the nature of a petition raising a question of jurisdiction. In defendant's petition it is averred that she received an award from the Department of Health, Education and Welfare, Social Security Administration, in the sum of $500, and that said sum was deposited in the garnishee-bank. The petition further alleges that plaintiff has attached defendant's bank account, which, being social security moneys, are exempt from execution or attachment, and prays that the attachment be dissolved.

A certificate of social insurance award, which has been made part of the record, issued by the Social Security Administration under date of August 18, 1958, discloses that defendant personally received the sum of

$372, which included a lump sum death payment of $90, and, as the mother of Marcella L. Thompson, received the sum of $235.50, or a total of $607.50. No explanation appears of record as to what happened to the difference between the amount received from the social insurance award and the amount deposited in the garnishee-bank. It would appear that defendant must have spent $107.50 of the award and deposited the balance in some form, cash or check, in the bank. It is admitted by plaintiff that the funds deposited in the garnishee-bank were funds which defendant received pursuant to the social insurance award. There is no question that under the Act of Congress of August 14, 1935, 49 Stat. 624, 42 USCA §407, the moneys paid or payable by the Social Security Administration are not subject to execution, levy, attachment, garnishment or other legal process.

If the present attachment had named the Social Security Administration as garnishee, there is no doubt that the attachment should be promptly dissolved. However, the question here appears to be, having received assistance from the Commonwealth pending receipt of social security benefits which defendant agreed to repay to the Commonwealth upon receipt of the accumulated social security benefits and having received the social security benefits which were not paid to the Commonwealth but were deposited in a bank, are the funds so deposited subject to attachment by the Commonwealth on its judgment entered for assistance paid to defendant? In our opinion the answer to this question must be an emphatic and unequivocal "yes". This same question was raised in two unreported Pennsylvania cases (Commonwealth v. Shafer, no. 1411, October term, 1947 (Luzerne County), and Commonwealth v. Allen, no. 496, September term, 1957 (Erie County)), and in both cases, in well

considered opinions, the courts held that the funds were subject to attachment.

Due to the usual delay in processing social security claims, the Commonwealth furnished defendant assistance in order that she and her child would be properly maintained and supported until the social security benefit payments were begun. The assistance paid by the Commonwealth to defendant was paid pending the receipt of the accumulated social security benefits, and defendant specifically agreed to repay the Commonwealth when she received the social security benefits for the period covered by the Commonwealth assistance grant. If defendant were now permitted to retain the social security benefits, she would in effect be receiving double benefits for the same period of time. This was certainly not the intention of the Social Security Administration nor the Department of Public Welfare of the Commonwealth, and defendant specifically agreed that she would return to the Commonwealth the assistance she had received from the Commonwealth when she received her accumulated social security benefits. If we were to decide that the Commonwealth could not attach the funds in question, our decision could and probably would have far reaching results in that many widows and orphans might be deprived of assistance from the Commonwealth during the period of delay in the start of social security benefits if the Commonwealth knew that it could not recoup the assistance so granted. Having received the bounty of the Commonwealth, defendant should unhesitatingly repay the Commonwealth out of her social security benefits, just as she promised to do.

Aside from the moral and legal obligation of defendant to repay the Commonwealth, we are satisfied that the moneys deposited in the garnishee-bank, although they represent the proceeds of social security benefits, have lost their identification as social security benefits

and now represent a debt due by the garnishee-bank to defendant. There is no doubt that the garnishee-bank is not holding certain specific funds for defendant but that a debtor-creditor relationship exists between the garnishee-bank and defendant. When defendant received the social security benefits they belonged to her and, except for her moral obligation, she could have spent the funds in any way she pleased. Having disposed of the funds in such a manner that the Commonwealth was able to trace or find them, those funds are subject to attachment and the exemption granted by Congress is no longer binding. Defendant is in no different position than she would have been had she used the proceeds of the social security benefits to purchase an automobile, a refrigerator, a share of stock, a bond or any other thing of value. All would be subject to levy and sale by the Commonwealth on its judgment.

On the basis of the Luzerne and Erie County decisions, and the cases cited therein, and for the further reasons stated in this opinion, we have no hesitation in deciding that the funds deposited by defendant in the garnishee-bank are subject to attachment by plaintiff on its judgment.

And now, May 27, 1960, the preliminary objections of defendant are dismissed and judgment is entered against defendant and the garnishee in the sum of $500.